**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**DR. LENARD KING**                                                                                               **PLAINTIFF**

**VERSUS**                                                                               **CAUSE NO. 2:12-CV-68-KS-MTP**

**LAWRENCE COUNTY BOARD OF EDUCATION
and DAVID (TONY) DAVIS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES,**                                          **DEFENDANTS**

                                                                                           **JURY TRIAL DEMANDED**

---

**SECOND AMENDED COMPLAINT**

---

Plaintiff Dr. Lenard King hereby files this his Second Amended Complaint for race discrimination and retaliation against the Lawrence County Board of Education and David Davis, in his individual capacity. The grounds for this action are as follows:

1.

Plaintiff Dr. Lenard King is an African American adult resident of Lincoln County, Mississippi.

2.

Defendant Lawrence County Board of Education is a duly organized and elected public body of Lawrence County, Mississippi, charged with the responsibility of administration of the public schools under Mississippi law. They are empowered to ultimately hire, discipline and/or and fire employees of the school district. Defendant Lawrence County Board of Education was an "employer" of the Plaintiff within the meaning of 42 U.S. C. §2000e(b).

Defendant David (Tony) Davis is an adult resident citizen of Lawrence County, who is sued

in his individual capacity and in his official capacity as Superintendent of Education for Lawrence County, a county-elected position.

3.

This Court is competent to exercise jurisdiction over the subject matter of this cause and the parties of this action under 28 U.S.C. §1331, 42 U.S.C. § 2000e-5 and under 42 U.S.C. § 1981. This action is authorized by 42 U.S.C. § 1983. Equitable and other relief is sought under 42 U.S.C. Section 2000d-5(g). Venue is proper under 28 U.S.C. §1391(b) in that the Defendants reside in this district and the events occurred in this district.

4.

Plaintiff has complied with the administrative procedures required to file an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. in that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission and was issued a right to sue letter on or about February 3, 2012, attached hereto as Exhibit "A."

5.

On or about July 2004, Plaintiff, who holds his Ph.D. in education leadership and research, was hired by the Lawrence County School District as an assistant principal at Rod Paige Middle School. Thereafter, he filled other positions with the District until he was promoted to principal at Rod Paige Middle School in 2008. For each position, he signed a contract which the District renewed annually. In the 2010-2011 school year, Plaintiff was the only African American among the five head principals in the District. He was an employee within the meaning of 42 U.S.C. § 2000d(f).

6.

The Superintendent makes his recommendations concerning renewal of contracts to the Defendant Board and the Board ultimately accepts or rejects his non-renewal recommendations. Individuals who are not recommended for renewal are entitled to appeal the Superintendent's recommendation to the Board.

7.

In mid January 2011, Defendant Davis assigned a white special education executive employee, Dr. Rester, to act as Plaintiff's supervisor, in effect, stripping Plaintiff of authority as principal and requiring him to have his work approved by a white person, Dr. Rester.

8.

In protest of the racially-discriminatory treatment being afforded him, Plaintiff, through retained counsel Charles Miller, caused to be transmitted to the Superintendent of Education the protest against racial discrimination, attached hereto as Exhibit "B." The protest of race discrimination was delivered to the individual Defendant Davis and the members of the Board on or about February 10, 2011, and in response thereto, Defendant Davis transmitted a letter of non-renewal to Plaintiff on or about February 24, 2012. Plaintiff's protest of race discrimination, contained in Exhibit "B," was a motivating factor in Plaintiff's non-renewal or, alternatively, was the but-for cause of Plaintiff's non-renewal.

9.

On or about February 24, 2011, because Plaintiff, through Attorney Miller, had sent the protest of race discrimination, Exhibit "B," Defendant David (Tony) Davis, refused to renew Plaintiff's contract, which would end on June 30, 2011. Plaintiff appealed the non-renewal decision

to the Board. The Board appointed a hearing officer who commenced a hearing on May 31, 2011, which was continued on June 27, 2011 and completed on August 13, 2011. However, the Hearing Officer's report was not completed until February 20, 2012. The Board met on March 19, 2012 and upheld the Superintendent's non-renewal decision. Defendant Davis' actions leading up to and including the non-renewal decision were discriminatory and retaliatory, as was as the Board's action in upholding the non-renewal.

10.

Plaintiff served as principal of Rod Paige School for the 2008- 2009 and 2009-2010 school years successfully with no reprimands or disciplinary action taken against him. As principal his job duties included, *inter alia* the supervision of personnel at his school, the education of the students, and the expenditure of student activity funds. During his tenure at Rod Paige, Plaintiff made significant improvements at the school. At all times materials hereto, Plaintiff adequately performed his job as principal.

11.

However, during the 2010-2011 school year, Plaintiff began to be treated differently from similarly-situated white principals. Among other things, his discretion for making decisions concerning the spending of student activity funds was taken away and he was required to answer to the white Special Education Director who Defendant David Davis placed over him. In essence, Plaintiff was stripped of his authority at the school. The alleged reasons for this action were unfounded, and white principals who had actually mishandled such funds were not similarly treated. When Plaintiff complained of this treatment and how it might constitute discrimination, in retaliation, Defendant Davis informed Plaintiff that he would not be renewed for the next school

year. The reasons Defendant Davis articulated and the Board ratified were untrue or conjured up after the fact. Moreover, other similarly-situated white personnel in the district who did do some of these same things or worse, were not reprimanded, retained or given the option of resigning. Specifically, Defendants discriminated against the Plaintiff by, *inter alia*:

- A. Taking his authority away and making him clear every decision with a white placed over him;
- B. Non-renewing him for his school being on academic watch when white principals whose schools were also on academic watch were renewed;
- C. Not renewing Plaintiff because for alleged questionable activity fund expenditures when a white principal obtained and spent over $25,000 with no authorization and was not reprimanded but renewed;
- D. Not renewing Dr. King, who was not guilty of the allegations against him, but allowing a white instructor who had had sex with a student to resign instead of non-renewing him;
- E. Retaliating against Plaintiff for complaining of discrimination; and
- F. Constructing evidence to support the non-renewal decision after it was made.

12.

Defendants' actions in discriminating and retaliating against Plaintiff by not renewing his contract have proximately caused or contributed to his damages, including lost wages and mental and emotional distress.

13.

The actions of individual Defendant Davis are outrageous such that punitive damages are due.

14.

The individual Defendant Davis is individually liable to Plaintiff for race discrimination, in violation of United States Constitution Amendment Fourteen equal protection clause and in violation of 42 U.S.C. § 1981.

15.

Defendant Lawrence County School District is liable to Plaintiff for race discrimination, in violation of Title VII of the Civil Rights Act of 1964.

16.

Defendant Lawrence County School District is liable to Plaintiff for retaliation because Plaintiff opposed race discrimination, in violation of 42 U.S.C. § 1981.

17.

The conduct of the above-named Defendants, as set forth herein, in violating Plaintiff Dr. King's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, and 42 U.S.C. §§ 1981 and 1983;  caused injuries, damages and harm to Plaintiff Dr. King, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

18.

Furthermore, the individual Defendant Davis acted intentionally and/or with reckless indifference in engaging  in the above stated discriminatory practices against Plaintiff Dr. King, contrary to his  federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, and 42 U.S.C. §§1981 and 1983.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, premises considered, Plaintiff Dr. Lenard King requests judgment of and from the  Defendants jointly, severally and/or individually, for actual, compensatory and punitive

damages and prays that the Court will order such relief as is necessary to make him whole, including:

- A. A declaratory judgment that Defendants have violated Plaintiff's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A; in violation of 42, U.S. C. §1983;
- B. An injunction ordering Defendant to renew Plaintiff's contract or such other affirmative action as is necessary to eliminate the effects of the unlawful employment practices directed against the Plaintiff;
- C. A monetary judgement that would make Plaintiff whole with full back pay and benefits he would have obtained in the absence of discrimination and retaliation;
- D. Front pay with prejudgment interest, in amounts to be proved at trial;
- E. An award to Mr. James for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;
- F. Attorneys feels, prejudgment interest, and costs incurred in this action;
- G. Punitive damages against individual Defendant Davis only; and
- F. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.


BY: */s/ Jim Waide*
    JIM WAIDE
    MS BAR NO.: 6857

WAIDE AND ASSOCIATES, P.A.
ATTORNEYS AT LAW
332 NORTH SPRING STREET (38804)
POST OFFICE BOX 1357
TUPELO, MS  38802-1357
TELEPHONE:  (662) 842-7324
FACSIMILE:  (662) 842-8056
EMAIL:  waide@waidelaw.com

SUZANNE GRIGGINS KEYS, ESQ.
PRECIOUS MARTIN, SR. AND ASSOCIATES, PLLC
P. O. BOX 373
821 NORTH CONGRESS STREET
JACKSON, MS 39202-0373
EMAIL:  skeys@ptmandassoc.com
            kboyd@ptmandassoc.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Jim Waide, attorney for Plaintiff, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Suzanne Griggins Keys, Esq.
skeys@ptmandassoc.com
kboyd@ptmandassoc.com

Lindsey N. Oswalt, Esq.
lindsey.oswalt@arlaw.com

Laura Ford Rose, Esq.
laura.rose@arlaw.com
jeannie.canterbury@arlaw.com

DATED, this the 11th day of October, 2012.

*/s/ Jim Waide*
JIM WAIDE