# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**DR. LENARD KING**                                                            **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:12-CV-68-KS-MTP**

**LAWRENCE COUNTY BOARD**
**OF EDUCATION, et al.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** the Motion to Dismiss [24] filed by Defendant David Davis.

## I. BACKGROUND

In 2008, Plaintiff, an African-American man, became principal of Rod Paige Middle School in Lawrence County, Mississippi. In January 2011 Defendant David Davis, superintendent of the Lawrence County School District, assigned a white Special Education Director to supervise Plaintiff. Specifically, Davis required Plaintiff's decisions regarding the use of student activity funds to be approved by the white administrator. According to Plaintiff, the other principals in the district – all white – were not treated similarly.

In response to what he perceived as racially discriminatory treatment, Plaintiff retained counsel. On February 10, 2011, Plaintiff's counsel submitted a letter to Defendant Davis and the Lawrence County Board of Education. In the letter, Plaintiff accused the Board and Davis of racial discrimination, and he demanded a public hearing to address the issue. Two weeks after Defendant Davis received the letter, he notified Plaintiff that his contract would not be renewed after termination of the 2010-

2011 school year. Plaintiff claims that similarly situated white personnel who have committed similar or worse actions were either retained or given the option to resign.

In his Second Amended Complaint, Plaintiff alleged that Defendant Davis is individually liable for racial discrimination in violation of the Fourteenth Amendment's Equal Protection Clause and 42 U.S.C. § 1981. Davis filed a Motion to Dismiss [24], which the Court now addresses.

## **II. DISCUSSION**

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim

2

for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

In addition to the normal pleading requirements cited above, heightened requirements apply to Section 1983 claims against governmental officials in their individual capacities. "[P]laintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation." *Anderson v. Pasadena Ind. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). The individual defendant's "actions must be pleaded with factual detail and particularity, not mere conclusionary allegations." *Anderson*, 184 F.3d at 443.[1]

---

[1]Plaintiff argues that no heightened pleading requirement applies to suits against public officials charged with racial discrimination. Although the "Supreme Court abrogated the Fifth Circuit heightened pleading requirement for actions against municipalities," it did not "consider whether qualified immunity jurisprudence would require heightened pleading in cases against individual government officials." *Id.* Therefore, the Fifth Circuit declined to abandon its

## A.    42 U.S.C. § 1981

### 1.    Sufficiency of the Second Amended Complaint

First, Defendant Davis argues that Plaintiff failed to allege sufficient facts to state a claim under Section 1983 for the violation of rights secured by Section 1981. The analysis of intentional discrimination claims "is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII." *Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 166 (5th Cir. 2007). Plaintiff must allege (1) that he was a member of a protected class, (2) that he was qualified for the position at issue, (3) that Defendant subjected him to an adverse employment action, and (4) that similarly situated individuals outside the protected class were more favorably treated. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001); *see also Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 554 (5th Cir. 1997).

Plaintiff alleged that he is an African-American man – a member of a protected class. Plaintiff also alleged that he holds a Ph.D. in education. The Court finds that is sufficient to indicate his qualification for the position of principal of Rod Paige Middle School. Plaintiff also alleged that Defendant Davis elected not to renew his contract,[2]

---

heightened pleading requirement in Section 1983 cases against public officials in their individual capacity. *Id.*

[2]Plaintiff also alleged that Davis placed a white supervisor over him, requiring his decisions – including the discretionary use of student activity funds – to be cleared before implementation. Neither party addressed in briefing whether this constitutes an adverse employment action under Section 1983, and, as a result, the Court will not do so here. It is clear, though, that an "ultimate employment decision," such as failing to renew one's contract, qualifies as an adverse employment action under both Section 1983 and Title VII. *McCullough v. Houston*

an adverse employment action that can give rise to a claim for discrimination under Section 1983. *Southard*, 114 F.3d at 555. Finally, Plaintiff alleged that similarly situated white employees – including white principals whose schools were on academic watch, and a white principal who obtained and spent over $25,000.00 without authorization – had their contracts renewed and were not reprimanded. Accordingly, the Court finds that Plaintiff alleged sufficient facts to make out a claim for intentional racial discrimination under Section 1983.

Defendant Davis argues, though, that Plaintiff failed to plead enough specific facts to support his claim. First, Davis contends that Plaintiff must allege the specific responsibilities of the white supervisor placed over him, as well as a specific incident where the supervisor subverted Plaintiff's authority. The Court disagrees. Plaintiff alleged the following specific facts: that Davis placed a white supervisor, a special education director named Rester, over him; and that, among other things, Davis required Plaintiff's decisions regarding the use of student activity funds be cleared by Rester.[3]

---

*Cnty., Tex.*, 297 F. App'x 282, 287 (5th Cir. 2008). Although Plaintiff's Second Amended Complaint is less clear than it could be, it can be fairly read as asserting the non-renewal as an element of both Plaintiff's discrimination and retaliation claims.

[3]The Court also rejects Defendant's contention that Plaintiff provided insufficient facts concerning Defendant's "actions leading up to and including the nonrenewal decision." Plaintiff referred to specific actions in the Second Amended Complaint – the placement of a white supervisor over him, the removal of his discretion over student activity funds, the failure to renew his contract, and the failure to offer him a chance to resign. While Plaintiff could have provided more detail, these are not mere conclusions of law. They are specific factual allegations.

Next, Defendant Davis argues that Exhibit B to Plaintiff's Second Amended Complaint – a letter which Plaintiff claims to have sent to Davis and each member of the School Board – is insufficient to prove that Plaintiff actually mailed the document in question, that Defendant received it, or that it caused the adverse employment actions at issue in this case. This is a frivolous argument insofar as Plaintiff is not required to prove anything at this stage of litigation. Furthermore, the letter is only relevant to Plaintiff's retaliation claim, and Plaintiff did not assert a retaliation claim against Davis individually.

Defendant also argues that Plaintiff was required to provide the names of the similarly situated white principals and more facts about how they were treated better than Plaintiff was. Plaintiff alleged that Defendant Davis claimed the non-renewal was because his school was on academic watch, but white principals in the district whose schools were also on academic watch did not lose their jobs. Plaintiff also alleged that Davis claimed the non-renewal was because of his activity fund expenditures, even though a white principal obtained and spent over $25,000.00 of student activity funds without reprisal. In the Court's opinion, these are sufficient factual allegations to satisfy the fourth element of a discrimination claim. Defendant has not cited any Fifth Circuit opinion requiring a plaintiff to plead the specific names of the similarly situated personnel outside the protected class.

In summary, Plaintiff certainly could have alleged more facts and more clearly delineated his causes of action. Indeed, the Fifth Circuit has warned of the "care that must be taken [by a state employee] in framing and pursuing" a discrimination cause

of action under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. *Felton v. Polles*, 315 F.3d 470, 474 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). The interplay among these statutes, the complications introduced by a qualified immunity defense, the differences between official and individual capacity claims, and the frequently circuitous factual background of discrimination claims all contribute to the need for precision and care in drafting. Plaintiff's Second Amended Complaint – while not a model of precise pleading – contains more than mere legal jargon and conclusory allegations. Plaintiff asserted just enough specific facts to state a discrimination claim and provide Defendant with sufficient notice to assert a defense and participate in discovery.

　　　　2.　　　*Section 1981 and Individual Liability for Discrimination*

Defendant also argues that 42 U.S.C. § 1981 imposes no liability on public officials in their individual capacity. Indeed, in *Oden v. Oktibbeha County*, 246 F.3d 458, 464 (5th Cir. 2001), the Fifth Circuit held that "when a plaintiff asserts a cause of action under 1981 for discrimination in the terms and conditions of a municipal employment contract, the proper defendant is the government employer in his official capacity." *Id.* However, Section 1983 provides a cause of action for the violation of the substantive rights granted by Section 1981. *Felton*, 315 F.3d at 479. Indeed, it provides the *exclusive* remedy for violations of Section 1981 by an individual acting under color of state law. *Id.* at 482. Therefore, *Felton* clarified *Oden*'s holding: while Section 1981 does not provide an independent cause of action against individuals acting under color

7

of state law, such individuals may be personally liable under Section 1983 for the violation of rights secured by Section 1981. *Id.*; *see also King v. Bd. of Trs.*, No. 3:11-CV-403-CWR-FKB, 2012 U.S. Dist. LEXIS 95657, at *9 (S.D. Miss. July 11, 2012); *Bingham v. City of West Point*, No. 1:10-CV-123-GHD-DAS, 2012 U.S. Dist. LEXIS 16701, at *17-*18 (N.D. Miss. Feb. 10, 2012); *Davis v. Louisville Mun. Sch. Dist.*, No. 1:08-CV-249-SA-JAD, 2010 U.S. Dist. LEXIS 3921, at *31-*32 (N.D. Miss. Jan. 15, 2010).

Plaintiff cited Section 1983 multiple times in his Second Amended Complaint. Although he did not explicitly state that his discrimination claim against Defendant Davis in his individual capacity were pursuant to Section 1983 for the violation of rights secured by Section 1981, the Court believes that the pleading – when liberally construed – indicates that he intended to assert such claims. This issue is a prime example of why such care must be taken in pleading discrimination claims pursuant to Sections 1981 and 1983, as noted above. *See Felton*, 315 F.3d at 474.

3. *Qualified Immunity*

Defendant Davis also argues that Plaintiff alleged insufficient facts to defeat a qualified immunity defense. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323

8

(5th Cir. 2002). First, the Court determines whether a clearly established constitutional right "would have been violated on the facts alleged." *Id.* at 322-23. Then, the Court examines "the defendant's conduct as alleged in the complaint . . . for objective legal reasonableness." *Id.* at 323.

As discussed above, Plaintiff asserted sufficient facts to state a claim for intentional racial discrimination. Plaintiff has a clearly established constitutional and statutory right to be free from racial discrimination in employment. *See Southard*, 114 F.3d at 550; *Piatt v. City of Austin*, 378 F. App'x 466, 469 (5th Cir. 2010). When a plaintiff's allegations are sufficient to state a claim for intentional discrimination, an immunity defense will generally be foreclosed at the pre-discovery stage, as intentional racial discrimination is never objectively reasonable. *See Piatt*, 378 F. App'x at 469; *see also Blackwell v. Laque*, 275 F. App'x 363, 367-68 (5th Cir. 2008) (where plaintiff established a prima facie case of racial discrimination and the Court was required to view the facts in the light most favorable to plaintiff, employer's actions were not objectively reasonable under clearly established law); *Upchurch v. City of Moss Point*, No. 1:10-CV-228-LG-RHW, 2011 U.S. Dist. LEXIS 124116, at *21-*22 (S.D. Miss. Oct. 26, 2011); *Patton v. Hinds Cnty. Juvenile Det. Ctr.*, No. 3:10-CV-138-CWR-LRA, 2011 U.S. Dist. LEXIS 77955, at *36 (S.D. Miss. July 18, 2011). Therefore, the Court finds that Plaintiff has asserted sufficient facts to state a claim for the violation of a clearly established constitutional and statutory right. The Court further finds that Plaintiff's allegations – if true – are sufficient to indicate that Defendant's actions were not objectively reasonable. To be clear, the Court does not foreclose the application of

9

qualified immunity at a later date.

The Court further notes that the Fifth Circuit has established a procedural method for addressing qualified immunity defenses at the pre-discovery stage: a *Schultea* reply. *See Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995). The Court explained:

> First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

*Id.* at 1433-34.

In the Court's opinion, a *Schultea* reply would serve no purpose here. As already discussed in length, Plaintiff met the pleading threshold for a racial discrimination claim. Plaintiff has a clearly established right to be free from racial discrimination, and racial discrimination can not be objectively reasonable. *Piatt*, 378 F. App'x at 469; *Blackwell*, 275 F. App'x at 367-68. That being the case, there is nothing further Plaintiff need allege in reply. Immunity-related discovery would likewise be pointless, as it would likely encompass the full range of issues that would be subject to normal discovery. The Court concludes that a normal litigation track would be the best, most

efficient way to proceed. The parties can address the immunity-related issues – which are essentially parallel to the merits of the case – in the normal course of discovery, and Defendant Davis is free to file a motion for summary judgment at a later date.

For all of the reasons stated above, the Court denies Defendant Davis's motion to dismiss Plaintiff's Section 1983 claim for the violation of rights secured by Section 1981.

## B. *Equal Protection*

The analysis of an intentional discrimination claim under Section 1983 for violation of the Fourteenth Amendment's Equal Protection Clause is the same analysis utilized above in the Court's discussion of Plaintiff's Section 1983 claim for violation of Section 1981. *Lauderdale*, 512 F.3d at 166; *Okoye*, 245 F.3d at 512-13. Therefore, applying the same reasoning, the Court rejects Defendant Davis's arguments that Plaintiff alleged insufficient facts to make out an Equal Protection claim, and that he would enjoy qualified immunity from such a claim.

Defendant Davis additionally argues that Plaintiff asserted a "class-of-one" equal protection theory that is inapplicable in the context of public employment, citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008). *Engquist* indeed provides that "the class-of-one theory of equal protection does not apply in the public employment context." *Id.* at 598. However, Plaintiff did not assert a "class-of-one" equal protection theory. Plaintiff claims to be a member of a protected class, and he claims that Defendant Davis discriminated against him because of his class membership. *See Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145

11

L. Ed. 2d 1060 (2000); *Nance v. New Orleans & Baton Rouge S.S. Pilots' Ass'n*, 174 F. App'x 849, 854 (5th Cir. 2006); *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 598 (N.D. Miss. 2011); *Sloan v. Shannon*, 2009 U.S. Dist. LEXIS 36767, at *26 (N.D. Miss. Apr. 29, 2009) (*Engquist* did not foreclose plaintiff from asserting equal protection claim based on alleged racial discrimination). Therefore, Defendant's "class-of-one" argument is inapplicable here.

For all the reasons stated above, the Court denies Defendant Davis's motion to dismiss Plaintiff's Section 1983 claim for the alleged violation of rights secured by the Fourteenth Amendment's Equal Protection Clause.

## C. *Retaliation*

Finally, Defendant Davis addressed Plaintiff's retaliation claim, but Plaintiff did not assert a retaliation claim against Davis individually. The retaliation claim was only asserted as to the Lawrence County School District.

## III. CONCLUSION

For the reasons stated above, the Court **denies** the Motion to Dismiss [24] filed by Defendant David Davis. The parties shall contact the chambers of Magistrate Judge Michael T. Parker within seven days of the entry of this opinion to schedule a case management conference.

SO ORDERED AND ADJUDGED this, the 28th day of January, 2013.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE